IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11-585 |
| WILLIAM BRIAN SUMMERS | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.   Background**

The defendant, William Brian Summers, is charged in a one-count information with attempted possession of oxycodone, in violation of Title 21, United States Code, Section 846, arising from his attempt to illegally purchase prescription medication from an Integrated Defense Systems employee on the Boeing Company's Ridley Park, PA campus.

The defendant has notified the United States through his counsel, Alan J. Tauber, Esquire, that he intends to plead open to the charge against him. There is no agreement between the parties respecting the guilty plea that the defendant will tender to the Court pursuant to Federal Rule of Criminal Procedure 11. A change of plea hearing is scheduled for Wednesday, July 18, 2012 at 9:00 a.m.

**II.   Essential Elements of the Offense**

To establish a violation of Title 21, United States Code § 846 (attempted possession of oxycodone), the government must prove the following elements beyond a reasonable doubt:

    1.   Defendant intended to commit the crime of illegally possessing a controlled substance, in this case, a mixture or substance containing a

        detectable amount of oxycodone; and

2.    thereafter, defendant did an act constituting a substantial step towards the commission of that crime which strongly corroborates the defendant's criminal intent.

### III. Statutory Maximum Sentence

The Court may impose the following statutory maximum sentence: Count One (attempted possession of oxycodone, in violation of Title 21, United States Code, Section 846), a maximum of one year in prison, a maximum of one year of supervised release, a $1,000 fine, and a $100 special assessment.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to one year per count of conviction. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

### IV. Factual Basis for the Plea

If this case were to proceed to trial, the government would introduce evidence, through witnesses and documentary exhibits, which would establish the following facts:

On September 26, 2011, the defendant met with an individual cooperating with the government (the "CS") inside a building on the Boeing Company's Ridley Park, PA campus. There, the defendant bought three placebo Oxycontin 40mg tablets from the CS for $60 (Count One).

This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offense charged.

## VI.     Conclusion

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by the defendant to the single count of the information, charging him with attempted possession of oxycodone, in violation of Title 21, United States Code, Section 846.   The government respectfully requests that the Court accept the defendant's plea of guilty to the information.

    Respectfully submitted,
ZANE DAVID MEMEGER
United States Attorney

_____/s/_____
FAITHE MOORE TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by electronic filing or email upon the following:

Alan J. Tauber, Esquire
Attorney for William Brian Summers


_____/s/_____
ASHLEY K. LUNKENHEIMER
Assistant United States Attorney

Dated:  July 17, 2012